## ALICE BLOUNT v. THE STATE.

*No. 908.   Decided January 22nd, 1896*

**Theft From the Person—Evidence—Conflict in the Testimony of Prosecutor and Defendant.**

Where an indictment in one count charged theft generally, and in another charged theft from the person, a verdict and judgment finding defendant guilty of theft from the person alone upon the testimony of the prosecutor will not be disturbed, because the testimony of defendant as a witness in her own behalf, established a case of theft and not of theft from person.

APPEAL from the District Court of Travis.   Tried below before Hon. R. E. BROOKS.

The indictment contained three counts; one for robbery, one for general theft, and the third for theft from the person.   Four parties were jointly charged in the indictment, viz:   Alice Blount, Lucy Blount, Bettie Blount and Jennie Jones.   A severance was had, and this appellant was placed alone on trial.

J. Breed, the alleged injured party, who lived in Blanco County, testified, in substance; that on the evening of the 31st of March, 1895, he was in Austin, and after dark while standing alone in front of the Driskill hotel, defendant passed and brushed against him several times.   That in a short time he went into the adjoining alley where it was dark, to urinate, and while so engaged, some one grabbed him from behind and held him; and that defendant ran her hand into his pocket, took out his purse containing fifty-five dollars and then both parties fled.   He stated that he had not made any trade with defendant about having intercourse with her and pay her fifty cents for the same.

Police Officer Cato, testified: that he arrested defendant at her home, at the instance of J. Breed, and warned and cautioned her as to any statement she might make.   That before he had reached the police station with defendant; she made a statement to the effect, that, "she picked up the money in the alley after J. Breed had left, and that when I came into the room to arrest her, she had the money under her cloak under her arm, and dropped it in the room as I came in."   He stated, that two days after this, he went with defendant's sister, who was also in jail for this offense, and got $34, which was wrapped in a rag and bur-

ried in a corner of the yard of the house occupied by defendant and her sisters.

Alice Blount, the defendant, testified: "My name is Alice Blount. I saw the witness, Breed, on the night he says I robbed him. I did not take the money from him. He and I traded; he was to give me fifty cents to let him have sexual intercourse with me, and we went into the alley for that purpose; and after we got through, and he had left, I shook the cloak that we had lain on, and the purse of money fell off; and as he was gone, I thought it mine, and I took it. I did not think I was stealing it. I never took it out of his pocket as he stated. I told Officer Cato, after my arrest, that the witness Breed and I had had intercourse in the alley, and that I picked up the money after he left. I do not know how much money I got, but all I got I buried in the corner of the yard, where my sister and the officer found it."

Defendant's supplemental motion for new trial was as follows: "(1) The court erred in this portion of his charge, to-wit: 'Now, if from the evidence you are satisfied beyond a reasonable doubt, that the defendant, Alice Blount, in the County of Travis and State of Texas, at or about the time charged in the indictment.' In this the words, at or about the time, being indefinite as to the exact time, is not alleged in the indictment. (2) The court erred in not charging in regard to what constitutes possession in law, as it was one of the main issues in this cause as to whether the money when taken, if taken at all, was in the possession of J. Breed. (3) The verdict is contrary to the law. (4) The verdict is contrary to the evidence.

[Signed]          A. S. HOUSTON,
Attorney for Defendant.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is a conviction for the theft of money from the person, amounting to over the sum of $50. If the testimony of the prosecutor is true, the appellant is evidently guilty; but, if the testimony of the appellant (she being a witness in the case) is the truth of the matter, then she is guilty of theft, but not from the person. There were two counts in the indictment—one for theft generally, and the other theft from the person. The court submitted the law applicable to both. The jury found the appellant guilty of theft from the person. The verdict of the jury is supported by the testimony of the prosecutor. We cannot say that the jury were not justified in believing this witness. Counsel for appellant complains that the court did not define possession. We presume that counsel object to the charge because the distinction between theft from the person and ordinary theft was not distinctly given in the charge of the court to the jury. There was no complaint to the charge of the court because it did not instruct the jury as to the theft of lost property. Under the facts of this case, this was the offense committed if the appellant's testimony was true, for appellant evidently

knew whose property it was when she picked it up. But, be this as it may, appellant was convicted, not for stealing lost property, but taking the purse containing the money from the person of its owner; and the evidence amply supports this theory of the case. The evidence shows beyond any question that the property was taken within limitation. This was not an issue in the case. The judgment is affirmed.

*Affirmed.*